IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUNIOUS NIELSEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-1774-K-BN |
| | § | |
| REGAL CINEMAS INC., | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Junious Nielsen filed a *pro se* complaint against Defendant Regal Cinemas Inc., which allegedly employed Nielsen from January 2016 to April 2016, asserting that "he was bullied and harassed from upper management for being a veteran when he took [ ] leave to perform military duties" and that, when he returned from these duties, he was fired without notice, and, so, Regal discriminated against him in violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4301–4335. *See* Dkt. No. 3.

Nielsen also moved for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 5.

So United States District Judge Ed Kinkeade referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court will grant Nielsen's IFP motion through a separate order, subjecting the complaint to screening under 28 U.S.C. § 1915(e).

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, to the extent and for the reasons set out below, the Court should dismiss the complaint.

**Legal Standards**

Section 1915(e) requires that the Court "dismiss the case at any time" if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Under this standard, a *pro se* complaint need not contain detailed factual allegations – just "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

But, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In fact, "the court does not 'presume true a number of categories of statements,

including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

And, so, to avoid dismissal, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." (quoting *Twombly*, 550 U.S. at 556)).

## Analysis

Although Nielsen brings his USERRA claims more than eight years after his alleged 2016 termination, "[i]n 2008, Congress amended [the statute] to make it clear that there is no state or federal statute of limitations for USERRA claims." *Corbin v. Sw. Airlines, Inc.*, Civ. A. No. H-17-2813, 2018 WL 4901155, at *10 (S.D. Tex. Oct. 9, 2018) (citing 38 U.S.C. § 4327(b); further noting that, while a "statute of limitation does not bar [a plaintiff's post-2008 USERRA] claims, laches may if the delay will prejudice" the defendant).

And, while neither limitations nor laches are now before the Court on screening, the plausibility of Nielsen's USERRA allegations are.

Those allegations are few. In sum, Nielsen alleges that he felt that he was

discriminated against – "bullied and harassed" – "when he took [ ] leave to perform military duties" on specific dates during his tenure with Regal and that, when he "returned back from last duties, he was fired without [ ] notice." Dkt. No. 3 at 1 (cleaned up).

It therefore appears that "[t]wo separate sections of USERRA [could] apply to this case. One concerns discrimination against those in the military when making employment decisions. 38 U.S.C. § 4311. The other protects the employment of those returning to their former civilian jobs after temporary military duty. § 4312." *Bradberry v. Jefferson Cnty., Tex.*, 732 F.3d 540, 545 (5th Cir. 2013); *see also id.* at 547 ("Section 4311 discrimination can appear throughout the employment continuum, from consideration for hiring to employee termination. Section 4312 is much narrower, applying to a return to the civilian workplace after a period of military duty.").

"A Section 4311 claim requires a plaintiff to prove his or her 'membership, application for membership, service, application for service, or obligation for service in the uniformed services is a motivating factor in the employer's action.'" *Id.* at 547 (quoting 38 U.S.C. § 4311(c)(1)).

"A 'motivating factor' means that the adverse employment decision was motivated by an 'antimilitary bias.'" *Castillo v. City of Grand Prairie, Tex.*, No. 3:19-cv-2191-L, 2019 WL 5578556, at *3 (N.D. Tex. Oct. 29, 2019) (quoting *Staub v. Proctor Hosp.*, 562 U.S. 411, 422 (2011)).

And, at this stage, Nielsen "must set forth sufficient allegations from which

the court can reasonably infer that his military status was a motivating factor in [Regal's] decision to terminate his employment." *Id.*

He has so far not done so. That is, his conclusory allegations of perceived bullying and harassment and the mere fact that he was terminated after military service are not enough to push a USERRA discrimination claim over the line from possible to plausible.

As the court in *Castillo* observed, and equally applicable here,

> [a]t the pleading stage, the court does not determine whether Plaintiff will ultimately prevail on his claim; it only tests the sufficiency of the pleadings. Nonetheless, a party must plead allegations from which the court can reasonably infer that the City is liable for the misconduct alleged. All that Mr. Castillo has alleged is the "mere possibility" that the City might be liable, and allegations that allow no more than a "mere possibility" of wrongdoing fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679. Because the allegations of Plaintiff's pleadings are conclusory and general, the court can only speculate or surmise at this juncture that the City might be liable for the alleged discrimination.

*Castillo*, 2019 WL 5578556, at *3 (cleaned up). *Cf. Sanchez v. Chevron N. Am. Exploration & Prod. Co.*, No. 20-30783, 2021 WL 5513509, at *5 (5th Cir. Nov. 24, 2021) (per curiam) ("A complaint need not allege 'each prong of the prima facie test for disparate treatment' … ; to support a disparate treatment claim under Title VII, though, it must plausibly set out facts that the 'defendant took the adverse employment action against a plaintiff *because of* her protected status.' [Accordingly, a] plaintiff must allege 'facts, direct or circumstantial, that would suggest [the employer's] actions were based on [the plaintiff's protected status] or that [the employer] treated similarly situated employees of other races or national origin more favorably.'" (quoting *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013);

emphasis in *Raj*)).

And, to the extent that Nielsen further alleges a claim under Section 4312, while that provision "provides Reservists the right to reemployment when their 'absence from a position of employment is necessitated by reason of service in the uniformed services,'" *Bradberry*, 732 F.3d at 545 (quoting 38 U.S.C. § 4312(a)), "[a] Reservist is not automatically entitled to reemployment when returning from military service," *id.* at 545-46. Instead, "[t]he right depends on the servicemember meeting certain obligations." *Id.* at 546 (discussing 38 U.S.C. § 4312(a)). And "reemployment is conditioned upon proper advance notice and timely return following the completion of service." *Id.* (citing 38 U.S.C. §§ 4312(a)(1) & 4312(e)(1)(A)(i)).

Put simply, so far Nielsen has failed to allege facts from which the Court can reasonably infer that, even though he met all conditions for reemployment, Regal nevertheless violated Section 4312. *Cf. id.* at 547 ("For a Section 4312 claim, a plaintiff must, among other things, show that the requirements for notice and documentation have been met. The employer bears the burden of proof for any affirmative defenses upon which it relies.").

The Court should therefore dismiss Nielsen's complaint.

That said, the opportunity file objections to these findings, conclusions, and recommendation (as further explained below) allows Nielsen an opportunity to show that this case should not be dismissed and that the Court should instead grant leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a

movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

But, if Nielsen fails to show – through timely objections – a basis to amend to allege a plausible claim, the Court should dismiss this lawsuit with prejudice.

### Recommendation

Unless Plaintiff Junious Nielsen shows through timely objections a basis to amend the complaint to allege a plausible claim, the Court should dismiss this lawsuit with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: July 22, 2024

                                                  DAVID L. HORAN
                                                  UNITED STATES MAGISTRATE JUDGE